**ENLOE MEDICAL CENTER,**
Petitioner

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**SEIU United Healthcare Workers–West, Intervenor.**

Nos. 06–1050, 06–1104.

United States Court of Appeals, District of Columbia Circuit.

March 16, 2007.

Laurence R. Arnold, Foley & Lardner, San Francisco, CA, for Petitioner.

Aileen A. Armstrong, Deputy Associate General Counsel, Julie B. Broido, Senior Attorney, Jeffrey James Barham, National Labor Relations Board General Counsel, Washington, DC, for Respondent.

William A. Sokol, Weinberg, Roger & Rosenfeld, Alameda, CA, for Intervenor.

Before: SENTELLE, RANDOLPH and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This petition for review of a decision of the National Labor Relations Board ("the Board") and the corresponding cross-application for enforcement were presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(b). It is

ORDERED and ADJUDGED that the petition for review be denied and that the cross-application for enforcement be granted.

The Service Employees International Union, Local 250 ("the Union") filed election petitions to represent the employees in each of three business units at Enloe Medical Center ("Enloe"). The Union prevailed in the representation election at Enloe's Service Unit. Enloe objected that Board agents who supervised the elections permitted (or caused) significant irregularities, including allowing employees to vote on ballots for the wrong business unit and failing to control chaotic conditions at one of the voting locations. An administrative law judge ("ALJ") issued a decision overruling Enloe's objections. The Board affirmed the ALJ's decision, certified the Union as representative of the employees in the Service Unit, and ultimately issued an order finding Enloe failed to bargain with the Union. Enloe seeks review of the Board's order, arguing *inter alia* that the Board improperly failed to draw adverse inferences from the General Counsel's refusal to make available for testimony the Board agents who supervised the election.

While the testimony of Board agents may be mandated when their participation is central to the case, *see Drukker Commc'ns, Inc. v. NLRB*, 700 F.2d 727, 731–34 (D.C.Cir.1983), Enloe never established the testimony of Board agents was needed to resolve an issue at the hearing or renewed its request for Board agent testimony, despite the Regional Director's invitation to do so. More generally, Enloe failed to provide evidence that the Board agents' alleged misconduct would create a reasonable possibility of an incorrect outcome in the election, and the allegations were not of the sort that would raise a presumption of such a taint. *See Peoples Drug Stores, Inc.*, 202 N.L.R.B. 1145, 1973 WL 12273 (1973) (overruling objection despite an acknowledged electoral irregularity, where it was "highly improbable" that the irregularity could have affected the outcome of the election). As Enloe's other arguments are similarly without merit, we find no denial of due process, and we deny Enloe's petition for review and grant the Board's cross-application for enforcement.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.